IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUY TURI et al., | : |
|         Plaintiffs, | : |
| | : |
| v. | :   CIVIL ACTION |
| | : |
| MAIN STREET ADOPTION | :   NO. 11-03761 |
| SERVICES, LLP, et al., | : |
| | : |
|         Defendants. | : |
| | : |

## MEMORANDUM OPINION

**Tucker, C.J.**                                                                                                  **January 16, 2015**

      Presently before the Court is Plaintiffs' Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a). (Doc. 98.) Upon consideration of Plaintiffs' motion, Defendants' response, and for the reasons that follow, Plaintiffs' motion will be DENIED.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiffs brought an action against Defendants Main Street Adoption Services, Nina Heller, and Bob McClenaghan (collectively "Main Street"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Plaintiffs, who were prospective adoptive parents, alleged that their failed or prolonged Guatemalan adoption attempts were the product of Defendants' scheme to defraud them of money. Defendants denied any wrongdoing. After discovery, Defendants filed motions for summary judgment, which were denied on July 17, 2014. (Docs. 38, 39, and 49.)

      A jury trial was held on November 19-25, 2014. Defendants' oral motion for judgment as a matter of law was denied at trial and the jury returned a verdict for the defense on the RICO claim. The jury also found for the Defendants on their affirmative defenses. On December 17,

2014, Plaintiffs filed a timely motion for a new trial and Defendants filed their response on December 31, 2014. (Docs. 98, 99.)

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 59, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Generally, motions for a new trial are committed to the district court's discretion. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). The court's latitude is especially broad when the grounds asserted in the motion are matters that initially rested within the court's discretion, such as evidentiary rulings or prejudicial statements by counsel. *Jacobson ex rel. Jacobson v. BMW of N. Am., LLC*, 376 F. App'x 261, 264 (3d Cir. 2010) (evidence); *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993) (prejudicial statements). Grounds for a new trial may be "that the verdict is against the weight of evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving[.]" *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Bell v. O'Connor*, Civil Action No. 12-2625, 2014 WL 6606410, at *2 (E.D. Pa. Nov. 20, 2014).

## III.    DISCUSSION

Plaintiffs argue that the jury's verdict is against the weight of evidence and that Defendants' counsel made prejudicial statements during closing. Defendants argue to the contrary and further asserted that Plaintiffs did not comply with Local Rule of Civil Procedure 7.1(e).

As a threshold matter, the Court will not dismiss Plaintiffs' motion on the basis of a violation of Local Rule of Civil Procedure 7.1(e). The rule states:

> Within fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter

> Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post-trial motion *may* be dismissed for lack of prosecution.

E.D. Pa. Local R. Civ. P. 7.1(e) (2013) (emphasis added). Though Plaintiffs neither ordered a transcript nor demonstrated good cause for excuse from the requirement, their failure does not mandate dismissal of the motion. Rather, the Court will proceed to visit the substantive issues that Plaintiffs raise.

Plaintiffs argue that the verdict is against the weight of evidence. "A district court should grant a new trial on the basis that the verdict was contrary to the weight of the evidence 'only where a miscarriage of justice would result if the verdict were to stand.'" *Levy v. Schmidt*, 573 F. App'x 98, 105 (3d Cir. 2014) (quoting *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991)). At trial, the Plaintiffs testified that Main Street made repeated representations to them to procure money and, once money was transferred, the adoptive children they sought became unavailable. Plaintiffs also presented evidence that Milagro Del Carpio, an individual associated with Main Street, asked Plaintiffs for money and that attorneys working with Main Street forged a document during one plaintiff couple's adoption process. Though this evidence might have supported a verdict in Plaintiffs' favor, allowing a defense verdict to stand would not result in a miscarriage of justice. The Court further notes that weighing the evidence entailed an assessment of credibility, which is a task solely for the jury. The Court will therefore refrain from disturbing the jury's verdict on these grounds.

Plaintiffs also point out that, during deliberations, the jury did not inspect the financial records underlying what Defendants published as summaries of Main Street's expenses. If the jury saw the financial records, Plaintiffs argue, it would have realized that Defendants' expense summaries were inaccurate. The jury, however, is not required to inspect every exhibit admitted

3

into evidence.  *C.f. Skaggs v. Hartford Fin. Grp., Inc.*, No. Civ. A. 1999CV3306, 2001 WL 1665334, at *13 (E.D. Pa. Sept. 28, 2001) ("[T]he decision whether to send exhibits to the jury room is entrusted to the sound discretion of the trial court.  This is particularly true when the exhibit has already been introduced into evidence." (internal citations omitted)).  After Defendants' counsel presented the expense summaries along with Defendant McClenaghan's authentication, Plaintiffs' counsel challenged the summaries' accuracy in general terms during closing arguments.  She did not specify which exhibits were contradictory nor elicit testimony of the same.  Plaintiffs' argument is therefore not persuasive in demonstrating that the verdict was against the weight of evidence.

      Finally, Plaintiffs argue that Defendants' counsel ("Mr. Schwenk") made prejudicial statements during closing arguments about the application of RICO liability.  A new trial is warranted if improper statements by counsel made it "reasonably probable" that the verdict was influenced by the resulting prejudice.  *Forrest v. Beloit Corp.*, 424 F.3d 344, 351 (3d Cir. 2005).  Though Mr. Schwenk discussed RICO's application to criminal enterprises, it is unlikely that the jury failed to apply RICO standards in a civil context because of his statements.  At the start of trial, the Court instructed the jurors that any statements made by counsel were not evidence.  And any prejudice that may have resulted from Mr. Schwenk's comments would have been cured by the Court's jury instructions on civil RICO liability, which Plaintiffs do not challenge.  It is therefore not "reasonably probable" that the verdict was influenced by Mr. Schwenk's statements and the Court will not grant a new trial on this ground.

      Plaintiffs also challenge the weight of evidence as to Defendants' affirmative defenses, but because the Court will not disturb the jury's verdict that Defendants are not liable, Plaintiffs' arguments are moot.

**IV.     CONCLUSION**

      For the reasons set forth above, the Court denies Plaintiffs' Motion for a New Trial.  An appropriate order follows.